UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ERIC LATRA ARDISON** | : | **CIVIL ACTION NO. 16-cv-1027** |
| **D.O.C. #361268** | | **SECTION P** |
| **VERSUS** | : | **JUDGE ELIZABETH E. FOOTE** |
| **DARREL VANNOY** | : | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by petitioner, Eric Latra Ardison ("Ardison"). Ardison is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Dixon Correctional Institute in Jackson, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.
Background**

The pleadings and exhibits tendered by Ardison with his original *habeas* petition were insufficient to establish whether the petition should survive initial review. Thus, this court ordered him to amend his petition to provide the documentation needed to establish, among other things, the dates on which he filed pleadings on post-conviction review. Doc. 2. Ardison responded [doc. 3] to the amend order, providing the majority of the requested information and documentation.

On July 31, 2008, Ardison was charged by an Amended Bill of Information with Possession with Intent to Distribute a Schedule II, Controlled Dangerous Substance. Doc. 1, att. 1, p. 2. Ardison pleaded not guilty at his arraignment and later filed a motion to suppress evidence and a supplemental motion to

compel disclosure of exculpatory evidence. *Id.* Ardison retained Anthony Hollis as his attorney, and on February 11, 2009, Ardison withdrew his not guilty plea and pleaded guilty to possession with intent to distribute cocaine. *Id.* On May 18, 2009, Ardison was sentenced in the First Judicial District Court in Caddo Parish, Louisiana, to thirty years at hard labor. *Id.* He did not appeal his conviction and sentence.

On May 18, 2011, Ardison's present counsel, J. Ransdell Keene, filed an application for post-conviction relief ("PCR") in the First Judicial District Court arguing ineffective assistance on the part of Ardison's prior counsel Anthony Hollis. Doc. 3, att. 2, pp. 1-29. The PCR was denied on January 20, 2012 [doc. 3, att. 3, pp. 99-101]. Ardison filed a writ of review with the Second Circuit Court of Appeal on October 19, 2012. Doc. 3, att. 3. pp. 1-23. On December 6, 2012, the Second Circuit remanded the matter to the district court for an evidentiary hearing [doc. 3, att. 4. p. 77], which was held on May 7, 2013. Doc. 3, att. 4, pp. 78-118. The district court held another hearing on July 23, 2013, wherein it denied the PCR. Doc. 3, att. 4, pp. 119-129.

On October 21, 2013, Ardison filed a second writ application in the court of appeal [doc. 3, att. 4, pp. 1-24], said court again remanding the matter to the district court. The district court held an evidentiary hearing on April 17, 2014, and denied the PCR on May 29, 2014. Doc. 3, att. 5, pp. 11, 14. On September 19, 2014, Ardison filed a third writ application in the Second Circuit Court of Appeal [doc. 3, att. 5, pp. 1-29], which denied same on October 20, 2014. Doc. 3, att. 7, pp. 1-2.

On November 26, 2014, Ardison filed an application with the Louisiana Supreme Court seeking review of the Second Circuit's dismissal of his application for PCR. Doc. 3, att. 5, pp. 1-29. On May 15, 2015, the Louisiana Supreme Court denied his application. *See State v. Ardison*, 170 So. 3d 160 (La. 2015).

2

On July 13, 2016, Ardison filed, via his attorney, the instant application for writ of *habeas corpus* with this court, asserting ineffective assistance of his retained trial counsel. Doc. 1, att. 1, p. 9. Specifically, he claims that his attorney was ineffective by failing to proceed on a pre-trial motion to suppress evidence based on grounds of an unreasonable search and seizure, and recommending a guilty plea without investigating the facts of the case. *Id.* In support of his claims, Ardison points out that his trial attorney, Anthony Hollis, was disbarred by the Louisiana Supreme Court on February 7, 2014. *See In re Hollis*, 132 So.3d 1250 (La. 2014). As relief, Ardison seeks to have the guilty plea withdrawn and the conviction reversed. Doc. 1, p. 15; Doc. 1, att. 1, p. 21.

## II.
## Law and Analysis

### A. Timeliness under § 2244(d)(1)(A)

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek *habeas* review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing in state court is counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal *habeas* application. *Mayle v. Felix*, 545 U.S. 644 (2005). Accordingly, in order to determine whether a

3

*habeas* petition is time-barred under the provisions of § 2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review; (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts; and (3) the date upon which the petitioner filed his federal *habeas corpus* petition.

Ardison's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about June 18, 2009, thirty days after the imposition of sentence. Thus, he had one year, or until June 18, 2010, to file his federal *habeas corpus* suit.

B. *Statutory Tolling Pursuant to 28 U.S.C. §2244(d)(2)*

Section 2244(d)(2) provides that the period during which a properly filed state *habeas* application is pending must be excluded when calculating the one-year period. The documentation in this matter shows that almost two years elapsed un-tolled from the date that Ardison's conviction became final on June 18, 2009, until the time he filed his first PCR on May 18, 2011. By that time, Ardison could not avail himself of statutory tolling pursuant to §2244(d)(2) because the one-year limitation period had already expired and could not be revived. Even giving Ardison the benefit of *every* doubt by disregarding the above and tolling the one-year limitation period from May 18, 2011 (date first PCR filed) through May 15, 2015 (date writ denied by the Louisiana Supreme Court), Ardison fares no better. Under this scenario, tolling ceased on May 15, 2015, limitations commenced, and a period of almost fourteen months elapsed un-tolled before Ardison filed his habeas on July 13, 2016. Once again, Ardison could not avail himself of statutory tolling pursuant to §2244(d)(2) because the one-year limitation period had already expired and could not be revived.

Ardison's petition is clearly time-barred by the provisions of 28 U.S.C. §2244(d).

4

*C. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007).

Nothing alleged supports equitable tolling of the statute of limitations in the instant case. Ardison does not claim that he was actively misled by the State of Louisiana; nor has he asserted that he was prevented in some extraordinary way by circumstances outside of his control from asserting his rights in a timely manner. The petition is therefore time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).

## III.
## Conclusion

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred by 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file

specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 9th day of February, 2017.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**